ADOLPH and MARGUERITE JETTE, Appellants, v. HONORE and CELESTE PICARD, Respondents.

Donation Law—Rights of Married Women under.—L. took up two hundred and sixty-three and fifty-three one-hundredths acres of land under § 4 of the Donation Law, and, being married at the time, held that his wife was entitled to have one-half thereof set apart to her. The right of the wife in no way depends upon the number of acres in the claim.

Wills—Construction of.—The intention of the testator must be looked to in construing a will. Wills operate upon what is found to actually belong to the estate of the testator.

Appeal from Marion County.

The facts are stated in the opinion of the Court.

*Williams & Willis and R. P. Boise*, for Appellants.

*G. W. Lawson and Eugene Sullivan*, for Respondents.

By the Court, McARTHUR, J. :

Tanisse Liard settled upon, claimed and commenced to cultivate land claim No. 95 in township 4 south, range 2 west, containing two hundred and sixty-three and fifty-three one-hundredths acres lying in and being parts of sections 20, 21, 22, 27, 28 and 29, in said township and range, in 1846, and continued to reside upon and cultivate and possess said lands until his death.  He filed his notification to hold said lands under the Donation Law (so called) in his own individual right, without stating that he had a wife, and duly made his final proof of four years' residence and cultivation, as by the law required to entitle him to a patent from the United States.  On December 29, 1851, after having made such final proof, he executed a will, and dying shortly afterward, said will was admitted to probate, September 2, 1852.  Shortly afterward a certificate was issued by the proper officers to his heirs at law for all of said lands. The date of his marriage with Celeste (now intermarried with Honore Picard) was February 5, 1849, and he continued to live with her upon said premises from the date of their marriage until the time of his death, about March 15, 1852.  Marguerite is the only child of Tanisse Liard and is the fruit of his marriage with Celeste.  By the terms of the will he bequeathed and devised to his wife, Celeste, and to his daughter, Marguerite (now intermarried with Adolph Jette), each "one-half of all the personal property and real estate of which he should die possessed or seized."

In March, 1870, a petition was presented to the officers of the proper land office on behalf of Celeste, which was contested by Marguerite.  After hearing the matters set out in the petition, the donation certificate, which had been previously issued to the heirs at law of Tanisse Liard, was, on September 20, 1870, corrected and changed so as to give the heirs at law the north half of the claim, and to Celeste, the widow of Tanisse, the south half thereof.  This decision remains unappealed from and is in full force.  Some time prior to the decision of the land officers, this suit was instituted for partition of the premises, and was continued

from term to term, and finally at the June term, 1871, was heard. After hearing, the Court made a decree dismissing from consideration the south half of the claim, and ordering that the north half thereof be equally divided between Celeste and Marguerite. From this decree Marguerite appeals, and urges that she is entitled under the will to one-half of the entire tract.

When Liard availed himself of the provisions of the Donation Law he was at liberty to take up six hundred and forty acres, one-half of which would go to his wife. He could take any less number of acres, but could not so take as to preclude his wife from her share of what was taken. The right of the wife in no way depends upon the number of acres taken up. She has a clear right to half of whatever quantity of land he took. (Donation Act, § 4.) When he executed the will it seems he was laboring under the impression that his wife had no interest in the claim,—that is, nothing in her own right. There is nothing in the case which warrants any other conclusion than that he was simply mistaken; there is nothing at all which savors of fraud. The provisions of the will operate only upon the north half of the claim, for that is all that he owned at the time of its execution.

It is a settled principle that the intention will govern in the construction of a will, but it is equally true that a man cannot devise by testament what he does not own. Courts cannot apply a will to any property but that which is found to actually belong to the estate of the testator.

Decree affirmed.